UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

LINDA THOMAS,
a citizen and resident of South Carolina,

Plaintiff,

v.

CARNIVAL CORPORATION, a
Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

Defendant.
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, LINDA THOMAS ("Plaintiff"), a citizen and resident of the State of South Carolina, sues the Defendant, CARNIVAL CORPORATION, a Panamanian Corporation d/b/a CARNIVAL CRUISE LINES ("Defendant"), a corporation with its principal place of business in Florida, and alleges:

**JURISDICTION, VENUE, AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff is *sui juris* and is a resident and citizen of the State of South Carolina.

3. Defendant is a Panamanian Corporation doing business as "Carnival Cruise Lines" with its principal place of business in Miami, Miami-Dade County, Florida. Defendant is therefore a citizen both of Panama and of Florida for purposes of determining subject matter jurisdiction over this action.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, based on diversity of citizenship. Plaintiff is a citizen of the State of South Carolina, while Defendant is a citizen both of Panama and Florida for jurisdictional purposes. The injuries and damages alleged in Paragraph 17 below, including serious injuries to her right forearm, right leg, right knee, left hand, left leg, and back, support an award of damages in excess of the jurisdictional amount of $75,000.00.

5. At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including Plaintiff.

7. In the operative ticket contract, Defendant requires fare paying passengers such as Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because Defendant's headquarters and principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action. Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship. Furthermore, Plaintiff gave Defendant timely written notice of her claim as required by the ticket contract on June 12, 2023. A copy of the notice of intent letter is attached as "Exhibit A."



GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

**LIABILITY AND DAMAGE ALLEGATIONS**
**COMMON TO ALL COUNTS**

10. At all material times, Defendant was engaged in the business of operating maritime cruise vessels for fare-paying passengers and for this purpose operated, among other vessels, the "Conquest."

11. At all material times, Defendant operated, managed, maintained, and was in exclusive control of the Conquest.

12. At all material times, including the injury date of June 1, 2023, Plaintiff was a fare paying passenger aboard the Conquest and in that capacity was lawfully present aboard the vessel.

13. On June 1, 2023, Plaintiff was aboard the Conquest as a fare-paying passenger on Deck 9 waiting on an elevator. Once the elevator arrived, Plaintiff began entering it when the automatic elevator doors violently and prematurely closed without warning, striking Plaintiff, and causing Plaintiff to sustain serious injuries to her body, including serious injuries to her right forearm, right leg, right knee, left hand, left leg, and back. Since the elevator appeared to a casual observer, such as a reasonable passenger including the Plaintiff, to be in normal condition and in working order before Plaintiff attempted to enter it, the malfunction of the elevator doors were not open or obvious to Plaintiff.

14. At all material times, Defendant had actual or constructive knowledge of the dangerous condition referenced in the preceding paragraph, *i.e.*, the reasonable tendency for the subject elevator doors to violently and unexpectedly close and therefore to be unreasonably dangerous for use to ascend and descend deck levels. This actual and/or constructive knowledge derived from the length of time the elevator doors were malfunctioning and the high traffic of passengers entering and exiting the subject elevator. In addition, Defendant acquired actual or constructive notice from prior similar incidents involving malfunctioning elevator doors striking

passengers that occurred on the Conquest and/or vessels within the same or similar class ships, including, but not limited to, the following:

(a) *Chandler v. Carnival Corp.*, Case No. 1:19-cv-22992-BB – the plaintiff was entering the elevator on the Lido Deck when the elevator door violently closed onto her right leg, causing permanent scarring and disfigurement. This incident occurred on another Carnival vessel named "Sensation" on August 11, 2018.

(c) In addition to sources of notice referenced above, and upon information and belief, crew members aboard the Conquest were present within or near the subject elevator before the time Plaintiff attempted to enter it, conducting cleaning operations and/or tending to nearby passengers, and thereby had actual or constructive notice of the dangerous condition of the automatic elevator doors before Plaintiff was struck and with sufficient time to invite corrective measures.

15. As a direct and proximate result of the striking described in paragraph 13, Plaintiff was injured in and about her body and extremities, including serious injuries to her right forearm, right leg, right knee, left hand, left leg, and back, suffered pain therefrom, and sustained mental anguish, disfigurement, disability and the inability to lead a normal life, and aggravation or activation of preexisting conditions. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and is reasonably certain to occur such expenses in the future as a result of her injuries. Plaintiff has also suffered lost wages and benefits in the past and a past and future loss of earning capacity. These damages are permanent or continuing in their nature and Plaintiff will continue to sustain and incur these damages in the future.

**COUNT I - NEGLIGENT MAINTENANCE**

16. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

17. At all material times, Defendant owed Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, including a duty to maintain its vessel, including the subject elevator, in a reasonably safe condition.

18. At all material times, Defendant had actual and/or constructive notice of the dangerous condition described in Paragraph 13 above for the reasons alleged in Paragraph 14 above.

19. Notwithstanding the actual or constructive knowledge of Defendant as alleged above, Defendant failed to detect or correct the hazardous condition of the subject elevator before Plaintiff was violently struck by its doors as alleged in Paragraph 13 above and was thereby negligent.

20. The specific acts of negligence of Defendant include:

(a) failing to provide reasonably safe elevators/elevator doors for use by its passengers;

(b) failing to maintain the elevator door in a reasonably safe condition;

(c) failing to calibrate the door properly;

(d) failing to maintain the sensors of the elevator door, or other component parts, in a safe, working order;

(e) failing to adequately test the proper use and function of its elevators;

(f) failing to prevent its elevators from malfunctioning;

(g) failing to correct and/or rectify the defective nature of the elevator door, including the sensors, and other component parts;

(h) failing to have the proper safety mechanisms in place for malfunctioning elevators;

(i) failing to conduct sufficient routine inspections of the elevator door to detect and correct hazards;

(j) failing to instruct and train its employees on the proper use and maintenance of its elevators;

(k) failing to redirect passengers away from the dangerously malfunctioning elevator door pending the repair or replacement; and

(l) failing to take the necessary steps to ensure that said elevator would not slam shut into a passenger.

21. As a direct and proximate result of one or more of the negligence acts of Defendant as described above, Plaintiff was violently struck by the subject elevator's doors as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

**<u>COUNT II - NEGLIGENT FAILURE TO WARN OF HAZARD</u>**

22. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

23. At all material times, Defendant owed Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, including a duty to warn passengers, including Plaintiff, of onboard dangerous conditions of which it had actual or constructive notice.

24. At all material times, Defendant had actual and/or constructive notice of the dangerous condition described in Paragraph 13 above for the reasons alleged in Paragraph 14 above.



GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

25. Notwithstanding the actual or constructive knowledge of Defendant as alleged above, Defendant failed to adequately warn passengers, including Plaintiff, of the hazardous condition before Plaintiff was violently struck by the subject elevator's doors as alleged in Paragraph 13 above, including a failure to provide adequate warning through adequate written or orally delivered warnings, appropriate signage or markings, placement of cones, cordoning off the dangerous area pending its maintenance, repair, replacement, or otherwise.

26. As a direct and proximate result of Defendant's negligent failure to warn as described above, Plaintiff was violently struck by the subject elevator's doors as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages and the costs of this action, and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 31st day of July, 2024.

***/s/Philip M. Gerson***
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com

JULIO D. TORRES
Florida Bar No. 1040446
jdtorres@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
*Attorneys for Plaintiff*